IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JAMES R. BATES**, | Case No. 3:22-cv-01849-IM |
| Petitioner, | **OPINION AND ORDER** |
| v. | |
| **WARDEN JACQUEZ**, | |
| Respondent. | |

**IMMERGUT, District Judge.**

Petitioner James R. Bates ("Petitioner"), an individual in custody at FCI Sheridan, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 ("Section 2241") alleging that the Federal Bureau of Prisons' ("BOP") incorrectly calculated his sentence by failing to credit him for presentence time spent in temporary federal custody. Because the BOP correctly refused to credit the presentence time at issue toward Petitioner's federal sentence, the Petition for Writ of Habeas Corpus (ECF No. 1) must be denied.

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND

On February 9, 2016, the Michigan State Police arrested Petitioner in Oakland County, Michigan for Bank Robbery, Resisting Arrest, and Violation of Parole. (Decl. of Ronald Gandy (ECF No. 11) ¶ 3(a).) Soon after his arrest, Petitioner was returned to the Michigan Department of Corrections ("MDOC") as a parole violator, and his parole officially was revoked on March 1, 2016. (*Id.* ¶ 3(b).) Petitioner thereafter remained in MDOC custody to continue serving his original three-to-twenty-year term of imprisonment. (*Id.*) The State of Michigan applied all presentence credit accrued since Petitioner's February 9 arrest toward his state sentence. (*Id.*)

On March 22, 2016, the United States filed a criminal complaint in the United States District Court for the Eastern District of Michigan, charging Petitioner with one count of Bank Robbery in violation of 18 U.S.C. § 2113(a).[1] (*United States v. Bates*, No. 2:16-cf-20280-NGE-APP-1 (E.D. Mich.) ("Case 16-20280"), ECF No. 1.) On April 11, 2016, state authorities transferred Petitioner to the custody of the United States Marshals Service ("USMS") pursuant to a federal writ of habeas corpus *ad prosequendum*. (Case 16-20280, ECF No. 3; Gandy Decl. ¶ 3(c).) Petitioner thereafter remained in federal custody pending resolution of the federal charge but continued accruing time toward his state sentence. (Gandy Decl. ¶ 10.)

On September 21, 2016, Petitioner entered a guilty plea in his federal case pursuant to a written plea agreement. (Case 16-20280, ECF Nos. 26, 40.) The district court sentenced Petitioner to a 120-month term of imprisonment on January 26, 2017, specifying in the judgment that Petitioner's federal sentence should "run concurrent with MDOC state court

---

[1] A grand jury returned a formal indictment on April 19, 2016. (Case 16-20280, ECF No. 8.)

PAGE 2 – OPINION AND ORDER

sentence/parole." (Gandy Decl., Attach. 5 at 2.) On February 13, 2017, the USMS returned Petitioner to MDOC custody to continue serving his state sentences. (Gandy Decl. ¶ 3(e).)

On April 5, 2017, the State of Michigan paroled Petitioner to the primary custody of the USMS. (*Id.* ¶ 3(f).) The BOP subsequently calculated and audited Petitioner's federal sentence based on a 120-month custodial term commencing on January 26, 2017, the date Petitioner was sentenced. (*Id* ¶ 3(g), Attach. 6.) The BOP did not apply any prior custody credit toward Petitioner's federal sentence and set a projected release date of August 3, 2025. (*Id.*)

On November 21, 2021, Petitioner filed a Petition for Writ of Habeas Corpus in this Court, alleging that the BOP improperly calculated his sentence by failing to credit him for the days he spent in federal custody prior to sentencing. (Pet. at 2.) Respondent urges this Court to deny habeas relief, arguing that the BOP properly calculated Petitioner's sentence, and that Petitioner is not entitled to the credit he seeks. (Resp. to Pet. (ECF No. 10) at 5.)

## LEGAL STANDARD

A district court may grant habeas relief when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief . . . is a determination by the federal court that [the petitioner's] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (citing 28 U.S.C. § 2241).

## DISCUSSION

Petitioner's federal sentence commenced on January 26, 2017, and the BOP began calculating his sentence as of that date. Petitioner maintains that he is entitled to credit for the time he spent in federal custody between April 11, 2016, and the date of his federal sentencing on January 26, 2017. Petitioner is incorrect.

PAGE 3 – OPINION AND ORDER

The application of presentence credit is governed by 18 U.S.C. § 3585(b) ("Section 3585(b)"), which provides:

> (b) Credit for Prior Custody.—a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

(emphasis added). Section 3585(b) thus "allows the BOP to grant [an individual in federal custody] credit for time spent in state or federal custody before imposition of his federal sentence, but only if that term of pre-sentence imprisonment *has not been credited against another sentence.*" *Schleining v. Thomas*, 642 F.3d 1242, 1245 n.2 (9th Cir. 2011) (simplified); *see also United States v. Wilson*, 503 U.S. 329, 337 (1992) (explaining that in drafting Section 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time").

Here, Petitioner was arrested and returned to MDOC custody after violating his parole in February 2016. (Gandy Decl. ¶ 3(b).) While serving his reinstated state sentences, Petitioner was transferred to the USMS pursuant to a writ of habeas corpus *ad prosequendum* on April 11, 2016, for prosecution and sentencing on a new federal charge. (*Id.* ¶ 3(c).) Although Petitioner was in the custody of the USMS until his federal sentencing on January 26, 2017, the State of Michigan retained primary jurisdiction, and Petitioner continued accruing time toward the completion of his state sentences during that period. (*Id.* ¶ 10); *See Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991) (noting that "[w]hen an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be on loan to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly" (simplified)). The

PAGE 4 – OPINION AND ORDER

BOP thus could not credit Petitioner for the time he spent in federal custody prior to sentencing because it already was credited against Petitioner's state sentence. 18 U.S.C. § 3585(b); *see Schleining*, 642 F.3d at 1245 n.2 (explaining that the BOP could not credit the petitioner's time in custody prior to the imposition of his federal sentence because it was credited against his state sentence).

Petitioner nevertheless argues that he is entitled to credit for his presentence time in federal custody because the federal sentencing court specified that his federal sentence should run concurrently with his state sentence. However, "concurrency applies only prospectively" and a federal sentence cannot be "backdated" to commence prior to sentencing even if made concurrent with a sentence already being served. *Schleining*, 642 F.3d at 1244, 1248 n.8 (quoting *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980); Indeed, the BOP correctly accounted for the federal sentencing court's order of concurrency by calculating Petitioner's federal sentence from the date he was sentenced rather than the date on which the State paroled him to primary federal custody. *See Belcher v. Cauley*, No. 0:08-132-HRW, 2009 WL 464932, at *2 (E.D. Ky. Feb. 24, 2009) (explaining that "even where a sentencing court orders a federal sentence to run concurrently with a pre-existing state sentence, the federal sentence is deemed to run concurrently only with the *undischarged* portion of the prior state conviction"). Petitioner's argument to the contrary is without merit.

In sum, the BOP correctly calculated Petitioner's sentence and determined that he was not eligible for prior custody credit in connection with his time in temporary federal custody prior to sentencing. Accordingly, Petitioner is not entitled to habeas relief. *See Trine v. Ives*, No. 3:18-cv-00020-AA, 2018 WL 3614000, at *2 (D. Or. July 27, 2018) (finding that where presentence custody time was credited toward the petitioner's state sentence, he was not entitled

PAGE 5 – OPINION AND ORDER

to habeas relief seeking credit toward his federal sentence), *aff'd*, 770 Fed. App'x 874 (9th Cir. 2019).

## CONCLUSION

Based on the foregoing, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 1) and DISMISSES this action, with prejudice.

**IT IS SO ORDERED.**

DATED this __7th__ day of July, 2023.

                                                  Karin J. Immergut
                                                  United States District Judge